Stephen ROMANO; Tina Romano; Vicki SY; Joe Balazs; Scott Ripley; Gregory Zerzanek; Charlotte Bremer; Theresa Swicegood, Plaintiffs,

and

Lisa Ripley; Zana Zerzanek; Wendy Walter; Martin SY, Plaintiffs–Appellees,

v.

UNITED PARCEL SERVICE GENERAL SERVICES COMPANY, a Delaware corporation; Inforite Corporation, a California corporation;

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Toppan Moore Company, Ltd., a Japanese corporation; II Morrow, Inc., an Oregon corporation, Defendants–Appellants.

No. 99–35757.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 8, 2001[1].

Decided Jan. 24, 2001.

Before BEEZER, O'SCANNLAIN, and KLEINFELD, Circuit Judges.

MEMORANDUM[2]

██ United Parcel Service and the other defendants appeal the district court's denial of the amended bills of costs totaling over $116,000, filed after defendants prevailed in a six-week jury trial. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion a district court's denial of a request for an award of costs, *see Association of Mexican–American Educators v. State of California*, 231 F.3d 572, 592 (9th Cir.2000), and we affirm.

Pursuant to Fed.R.Civ.P. 54(d)(1), costs "shall be allowed as of course to the prevailing party unless the court otherwise directs ." This rule creates a presumption in favor of awarding costs to the prevailing party; if a district court departs from that presumption, it must provide an explanation so that the appellate court can determine whether the district court abused its discretion. *See Association of Mexican–American Educators*, 231 F.3d at 592–93.

██ In its order denying all costs, the district court relied on the plaintiffs' good faith, reasonable chance of winning, and the disparity in resources between the parties. Accordingly, the district court did not abuse its discretion by denying defendants' motion for costs. *See id.* at 593.

AFFIRMED.

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.